**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kathleen Hayes, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 21-cv-1198 |
| | ) | |
| v. | ) | Hon. John F. Kness |
| | ) | |
| Board of Educ. of the City of Chicago, | ) | |
| *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**STATUS REPORT**

Plaintiff Kathleen Hayes filed this lawsuit on March 2, 2021, containing four counts. On September 26, 2024, this Court granted defendants' motion for summary judgment as to three of Hayes's counts, but denied summary judgment on Count I (retaliation). This Court rejected defendant Lyons's claim of qualified immunity. The defendants appealed the denial of qualified immunity to defendant Matthew Lyons in that order, and the Seventh Circuit reversed, finding Lyons immune from suit on the basis of qualified immunity. The Seventh Circuit also denied Hayes's motion for sanctions against defendants, finding that the appeal was not frivolous.

Now, after that interlocutory appeal and remand, the case may be set for a trial date and pre-trial schedule on plaintiff Hayes' remaining First Amendment retaliation claim against the defendant Board of Education.

It is Plaintiff's position that this suit has a single remaining claim against the defendant Board of Education for unlawfully retaliating against plaintiff Kathleen Hayes because of her speech and association protected by the First Amendment.

It is the Defendant, Board of Education's, position that there is a single remaining claim against the Defendant Board of Education for First Amendment Retaliation (Count I) under

1

Section 1983 (*Monell*), specifically whether Lyons's emails to Northwestern constituted retaliatory speech and whether Lyons is a final policymaker for *Monell* purposes.

In denying summary judgment on this claim, this Court ruled, "Whether Lyons's communications with Northwestern were—in actuality—a threat, constitutes a genuine issue of material fact necessitating trial." *Hayes v. Bd. of Educ. for the City of Chicago*, 2024 U.S. Dist. LEXIS 255364, *5 (September 26, 2024).

While the Seventh Circuit granted the individual defendant Matthew Lyons qualified immunity on interlocutory appeal, it dismissed the Board of Education from the appeal and remanded the matter, which necessarily means a trial. In doing so, the Seventh Circuit noted that while Lyons is literally "immune" from suit, the Board of Education may still be liable to Hayes under *Monell* because there is no risk of an inconsistent verdict: "Qualified immunity would absolutely absolve Lyons of liability for his actions in his individual capacity. But it would have no effect on the Board's liability for Lyons's unconstitutional actions as a CPS policymaker." *Hayes v. Bd. of Educ.*, 2026 U.S. App. LEXIS 15178, *12-13 (7th Cir., May 28, 2026). The Defendant Board of Education notes that Seventh Circuit appeal was limited to the second prong of the qualified immunity analysis, specifically, whether the constitutional right was clearly established. There was no determination by the Seventh Circuit regarding the constitutionality of Lyon's actions or whether he was a final policymaker for Monell purposes.

As to the Board's *Monell* liability, this Court previously ruled: "The evidence that Plaintiff raises, specifically, that Lyons himself admitted there was no authority above him regarding his interactions with Northwestern, is sufficient to establish a genuine issue of fact regarding whether Lyons was a final policy-maker for *Monell* purposes." *Hayes v. Bd. of Educ. for the City of Chicago*, 2024 U.S. Dist. LEXIS 255364, *8-9 (September 26, 2024).

Over the past four-and-a-half years, the Board has made multiple attempts to settle the case with Hayes, including with the assistance of a Seventh Circuit mediator. The Board even offered to settle the case while the appeal was pending, but this was unfruitful. After conferring with the defense and reviewing the last three years of settlement agreements entered by the defendant Board of Education, Plaintiff is willing to pursue settlement with the aid of this Court or by referral to a magistrate judge, provided that it does not meaningfully delay the trial date. Plaintiff makes this statement without the benefit of knowing either this Court's trial schedule, settlement schedule, or the schedule of the magistrate judge.

Date:    July 8, 2026  

Respectfully,

/s/ Michael Persoon  
Michael Persoon

Michael Persoon  
Michael Persoon, P.C.  
517 N. Harvey Ave.  
Oak Park, Illinois 60302  
mike@persoonlaw.com  
Ph:     (312) 952-8985  
Cell:    (312) 399-5481

/s/ Christy L. Michaelson  
Christy L. Michaelson  
Board of Education of the City of Chicago, Law Department  
1 N. Dearborn, Suite 900  
Chicago, IL 60602  
773.553.1723  
clmichaelson@cps.edu  
Attorney for Defendant Board of Education of the City of Chicago